IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QUINTON A. CAGE #242918, | ) |
| Petitioner, | ) |
| v. | ) No. 3:99-cv-01055 |
| | ) Judge Trauger |
| VIRGINIA LEWIS, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Petitioner Quinton A. Cage has a filed a "Rule 60 Motion to Reconsider" (Doc. No. 26) and an affidavit in support of his motion (Doc. No. 27).

In 1994, Cage was convicted of aggravated rape, especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, and reckless endangerment with a deadly weapon. He was sentenced to 55 years in prison. The Tennessee Court of Criminal Appeals affirmed Cage's conviction, and the Tennessee Supreme Court denied Cage leave to appeal. *State v. Cage*, No. 01C01-9605-CC00179, 1999 WL 30595 (Tenn. Crim. App. Jan. 26, 1999). He filed a petition for post-conviction relief in 2000 alleging ineffective assistance of counsel. *State v. Cage*, No. M2000-01989-CCA-R3-PC, 2001 WL 881357, at *1 (Tenn. Crim. App. Aug. 7, 2001), *perm. app. denied* (Tenn. Dec. 10, 2001). The post-conviction court denied relief and Tennessee Court of Criminals Appeals affirmed the judgment. *Id*. Cage since has filed for state habeas relief multiple times. *See Cage v. State*, No. M2019-01888-CCA-R3-HC, 2020 WL 3639932 (Tenn. Crim. App. July 6, 2020); *Cage v. State*, No. M2018-00568-CCA-R3-HC, 2018 WL 4523209 (Tenn. Crim. App. Sept. 21, 2018), *perm. app. denied* (Tenn. Dec. 7, 2018); *Cage v. David Sexton, Warden*, No. E2011-01609-CCA-R3-HC, 2012 WL 2764998 (Tenn. Crim. App. July 10, 2012),

1

*perm. app. denied* (Tenn. Oct. 19, 2012); *Cage v. Carlton, Warden*, No. E2008-00357-CCA-R3-HC, 2008 WL 3245567 (Tenn. Crim. App. Aug. 8, 2008).

Over the last two decades, Petitioner repeatedly has attempted to collaterally attack the same state criminal judgment in federal court.[1] As the Court of Appeals described:

> After his first two § 2254 petitions were dismissed without prejudice to allow Cage to exhaust his state court remedies, Cage filed his third petition, which the district court ultimately dismissed. *Cage v. Lewis*, No. 3:00-cv-00611 (M.D. Tenn. Nov. 22, 2000). Cage did not appeal. Cage has since filed four motions for authorization to file a second or successive § 2254 petition—either initially in this court or after the transfer of a § 2254 petition filed in the district court. We dismissed Cage's first two motions for failure to prosecute, *see In re Cage*, No. 13-5860 (6th Cir. Oct. 17, 2013) (order); *In re Cage*, No. 02-5353 (6th Cir. May 21, 2002) (order), and denied the other two for failure to meet the 28 U.S.C. § 2244(b) requirements for filing a second or successive petition, *see In re Cage*, No. 16-5046 (6th Cir. July 1, 2016) (order); *In re Cage*, No. 13- 6369 (6th Cir. June 12, 2014) (order). In August 2018, Cage filed another § 2254 petition in the district court. Pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), the district court transferred the petition to [the Court of Appeals] for consideration as a motion seeking authorization to file a second or successive § 2254 petition.

*In re: Quinton A. Cage*, No. 18-5914 (6th Cir. Jan. 3, 2019) (slip. op. at 2-3). Petitioner's latest filing herein continues his series of challenges to his 1994 judgment.

By Order entered on February 10, 2000, the court adopted the Report & Recommendation of the Magistrate Judge to dismiss this action without prejudice so that Petitioner could pursue his available state remedies. (Doc. No. 25). Some twenty-four years later, Petitioner now returns to the court with a "Rule 60 Motion to Reconsider" that decision. (Doc. No. 26).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

---

[1] *Cage v. Tennessee*, No. 3:99-cv-00362, was first in a line of eight federal habeas petitions filed by Cage challenging the same underlying state court judgment. Those eight district court habeas case numbers are: 3:99-cv-362, 3:99-cv-1055 (the instant case), 3:00-cv-611, 3:02-cv-229, 3:13-cv-602, 3:13-cv-1133, 3:18-cv-787, 3:21-cv-446.

to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner's filing—over two decades after the Court's decision—comes too late to be considered under any subsection of Rule 60.

In any event, the crux of Petitioner's filing is that he should be not required to pay "a brand new filing fee" because the court "did not provide him the open minded nor objective review" and that the court incorrectly determined that Petitioner had not exhausted his state-court remedies. (Doc. No. 26 at 1-2).

First, Petitioner did not pay a filing fee in this action. The court granted him pauper status on November 17, 1999. (Doc. No. 3).

Second, Petitioner states that he exhausted by filing a grievance that was returned to him as "inappropriate to grievance procedure, and appeal efforts were prevented." (Doc. No. 26 at 2). And in his affidavit, Petitioner attests that he attached that grievance to his federal habeas petition but "it was overlooked in kind (or taken as pun to the ignorance of the establishment. And its shirk of poor and Black peoples)." (Doc. No. 27). However, whether Petitioner filed a grievance within the prison system has no bearing on whether Petitioner exhausted his state-court remedies as required under federal habeas corpus law.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id*. (citation omitted); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (the substance of the claim must have been presented as a federal constitutional claim). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review"). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39). Claims that are not exhausted are procedurally defaulted and "ordinarily may not be considered by a federal court on habeas review." *Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002).

The court previously determined that Petitioner had not exhausted his state-court remedies as required, and Petitioner now provides no reason for the court to revise its previous determination. Petitioner continues to rely on a prison grievance he filed rather than on the presentation of his claims to the state appellate court. Accordingly, Petitioner's latest attempt to challenge the Court's 2000 dismissal of this action (Doc. No. 26) is **DENIED**.

It is so **ORDERED**.

                                           Aleta A. Trauger
                                           United States District Judge